# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

SISSY'S LOG CABIN, INC.                                                                      PLAINTIFF

v.                                                  No. 4:12CV00491 JLH

TERESA BLOODMAN                                                      DEFENDANT

## ORDER

Sissy's Log Cabin, Inc., filed a "replevin complaint" against Teresa Bloodman in the Circuit Court of Saline County, Arkansas. According to that complaint, Bloodman borrowed a substantial amount of money from Pine Bluff National Bank for the purpose of purchasing a pair of diamond earrings. As collateral, Bloodman transferred a secured interest in the earrings to the Bank. Subsequently, the Bank assigned the promissory note and its secured interest to Sissy's. Sissy's now seeks possession of the earrings because Bloodman has failed to make timely payments.

Bloodman has removed the action from the Circuit Court of Saline County, Arkansas, to this Court pursuant to 28 U.S.C. § 1441(a) on the ground that there is federal question subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. The petition for removal alleges that this action arises under the terms of the Uniform Commercial Code, the Interstate Commerce Clause of the United States Constitution, and Federal Banking laws.[1]

An action must be remanded to state court if the federal court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c). Where subject-matter jurisdiction is lacking, the Court may remand an action *sua sponte*. *See id.*; *Long v. Area Manager, Bureau of Reclamation*, 236 F.3d 910, 916 (8th Cir. 2001)("a question of subject-matter jurisdiction may be raised *sua sponte* at any time");

---

[1] Bloodman has also filed a counterclaim against Sissy's, Document #5, as well as a document entitled "Objections to Replevin Action and Motion to Dismiss[,]" Document #4.

*Norwood v. Simmons*, 788 F. Supp. 1020, 1023 (W.D. Ark. 1991).  "Removal based on federal question jurisdiction is usually governed by the 'well-pleaded complaint' rule." *Phipps v. F.D.I.C.*, 417 F.3d 1006, 1010 (8th Cir. 2005).  That is, "federal jurisdiction may be invoked 'only where a federal question is presented on the face of the plaintiff's properly pleaded complaint.' " *Id.*

Sissy's complaint asserts only a state law claim.  *See* Ark. Code Ann. § 18-60-801, *et seq.*; *France v. Nelson*, 292 Ark. 219, 221, 729 S.W.2d 161, 163 (1987); *cf. James v. City of Omaha*, No. 8:06CV513, 2006 WL 2689627 (D. Neb. Sept. 19, 2006) (recognizing statutory replevin action to be a state law claim).  Consequently, the Court lacks federal question subject-matter jurisdiction.  Because the parties are not completely diverse,[2] this action must be remanded to the Circuit Court of Saline County, Arkansas.

IT IS SO ORDERED this 13th day of August, 2012.

*(signature: J. Leon Holmes)*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[2] There is no diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are both residents of Arkansas and the amount in controversy does not exceed $75,000.